James T. Brennan
BRENNAN, HEDLAND, HEIDEMAN
1227 W. 9th Ave., Suite 300
Anchorage, AK 99501
907 279-5528

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

| | |
|---|---|
| MICHAEL DOYLE<br>    Plaintiff,<br>v.<br><br>F/V INFINITE GLORY, O.N. 981164,<br>HER ENGINES, MACHINERY,<br>APPURTENANCES, ETC., *IN REM*;<br><br>and<br><br>BRYAN R. HOWEY, *IN PERSONAM*,<br>    Defendants. | **IN ADMIRALTY**<br><br>No. _____<br><br>VERIFIED COMPLAINT *IN REM* AND *IN PERSONAM* FOR FAILURE TO PAY WAGES, BREACH OF CONTRACT, FORECLOSURE OF MARITIME LIENS AND VIOLATION OF ALASKA AND FEDERAL STATUTES |

Plaintiff Michael Doyle alleges as follows:

## I. JURISDICTION AND VENUE

1. This case is within the admiralty and maritime jurisdiction of this Court pursuant to the general maritime law, 28 U.S.C. § 1333 and 46 U.S.C. § 313, *et. seq.*, including as amended, and is within the meaning of Rule 9 (h) of the Federal Rules of Civil Procedure. Defendant vessel, the F/V INFINITE GLORY, is within this District or will be during the pendency of this action. Defendant Howey resides within this District and conducts business within this District related to the matters alleged below. Defendant Howey hired Plaintiff in this District for employment aboard the referenced vessel within this District.

VERIFIED COMPLAINT *IN PERSONAM* AND *IN REM*  1    GIBBONS & ASSOCIATES, P.S.
901 Fifth Ave., Suite 4100 Seattle, WA 98164-2001
206/381-3340 Fax 206/381-3341

Case 3:12-cv-00179-TMB-DMS Document 1 Filed 08/29/12 Page 1 of 7

## II. PARTIES

2. Plaintiff was at all times material hereto a citizen of the United States, a Jones Act Seaman and a member of the crew of the F/V INFINITE GLORY engaged in the work of said vessel at sea during the Alaska Salmon and Herring fisheries.

3. Defendant vessel F/V INFINITE GLORY, O.N. 981164, at all times material hereto was a vessel of the United States owned by the *in personam* defendant and operated by him in the directed fisheries of the State of Alaska.

4. Defendant Bryan Howey was the operator of the F/V INFINITE GLORY and the employer of Plaintiff.

## III. FACTS

5. In the Summer of 2010, Plaintiff performed his assigned crew member duties aboard the F/V INFINITE GLORY in the service thereof as the skiff operator pursuant to an oral agreement with Defendant Howey that he would be paid as a "full share" (i.e., 10% of the value of the catch, less actual food and fuel) crewman, on a crew-share basis, for the duration of the Salmon Seine fishery. Contrary to the terms of the agreement, Defendant Howey failed to pay Plaintiff as agreed, including by failing and refusing to pay Plaintiff his agreed crew-share on the Salmon "retro," or supplementary, payment received for the catch several months after the initial payment was received by Defendant Howey.

6. In the Spring of 2011, Plaintiff performed his assigned crew member duties aboard the F/V INFINITE GLORY in the service thereof as the skiff operator pursuant to an oral agreement with Defendant Howey that he would be paid as a "full share" (i.e., 10% of the value of the catch, less actual food and fuel) crewman, on a crew-share basis, for the duration of the Herring Seine fishery. Contrary to the terms of the agreement, Defendant Howey failed

VERIFIED COMPLAINT *IN PERSONAM* AND *IN REM*   2   GIBBONS & ASSOCIATES, P.S.
901 Fifth Ave., Suite 4100 Seattle, WA 98164-2001
206/381-3340   Fax 206/381-3341

Case 3:12-cv-00179-TMB-DMS   Document 1   Filed 08/29/12   Page 2 of 7

to pay Plaintiff as agreed, including by failing and refusing to pay Plaintiff his agreed crew-share on the Herring "retro," or supplementary, payment received for the catch several months after the initial payment was received by Defendant Howey.

7. Despite demand therefore, Defendant Howey failed to provide Plaintiff with an accounting of deductions taken from the partial crew-shares paid by Defendant Howey, failed to make full payment of the agreed crew-shares on the initial payments received by Defendant Howey or any payment as to the "retro" payments received by Defendant Howey -- for either the 2010 Salmon deliveries or the 2011 Herring deliveries made by the vessel as a result of Plaintiff's service to the vessel during the referenced seine fisheries.

8. Defendant's failure to reduce to writing the agreements above-referenced violated 46 USC § 10601. Defendant's failure to pay Plaintiff timely was a violation of AS § 23.05.140.

9. Defendant Howey's continuing refusal to pay Plaintiff in accordance with the agreement between Plaintiff and Defendant Howey has been wrongful, calloused and constitutes recalcitrance, warranting imposition of punitive damages and attorney's and costs of suit.

10. Defendant Howey's refusal to pay Plaintiff his entire agreed crew-shares for both the 2010 Salmon and 2011 Herring fishery, including the supplemental "retro" payments received by Defendant Howey for the catch, gave rise to an lien for necessaries against the Defendant vessel on the dates such payments became due, as a matter of law, for the total amounts thereof, plus prejudgment interest.

## III. CAUSES OF ACTION

### A. WRONGFUL REFUSAL TO PAY SEAMAN'S WAGES

11. Defendant Howey's conduct as described above constitutes a wrongful refusal to pay seaman's wages when due, warranting an award of damages of not less than two times the amounts due for Herring and for Salmon, including the supplemental or "retro" payments received by Defendant Howey for the catch, plus Plaintiff's attorney's fees and costs of suit herein, and prejudgment interest from the dates such payments were due.

### B. BREACH OF CONTRACT

12. Defendant Howey's conduct as described above constitutes breach of the parties' agreement, warranting an award of damages of not less than two times the amounts due for Herring and for Salmon, including the supplemental or "retro" payments received by Defendant Howey for the catch, plus Plaintiff's attorney's fees and costs of suit herein, and prejudgment interest from the dates such payments were due.

### C. FORECLOSURE OF MARITIME LIENS

13. Defendant Howey's conduct as described above entitles Plaintiff to an Order from this Court for the arrest and interlocutory sale of the Defendant Vessel F/V INFINITE GLORY, O.N. 981164, HER ENGINES, MACHINERY, APPURTENANCES, ETC., forthwith, the proceeds thereof to abide the judgment herein, consistent with the rules and processes of this Court in Admiralty.

### D. VIOLATION OF ALASKA AND FEDERAL STATUTES

14. Defendant Howey's conduct as described above violated statutes of the United States and the State of Alaska, entitling Plaintiff to all rights and remedies appertaining thereto,

VERIFIED COMPLAINT *IN PERSONAM* AND *IN REM*   4   GIBBONS & ASSOCIATES, P.S.
901 Fifth Ave., Suite 4100 Seattle, WA 98164-2001
206/381-3340   Fax 206/381-3341

Case 3:12-cv-00179-TMB-DMS   Document 1   Filed 08/29/12   Page 4 of 7

but to no less than two times the amounts due for Herring and for Salmon, including the supplemental or "retro" payments received by Defendant Howey for the catch, plus Plaintiff's attorney's fees and costs of suit herein, and prejudgment interest from the dates such payments were due.

## IV. PRAYER FOR RELIEF

Plaintiff Michael Doyle prays for relief and judgment as follows:

1. That process including a warrant for arrest issue against the F/V INFINITE GLORY, O.N. 981164, her engines, machinery, appurtenances, tackle, apparel and boats, etc., wherever located, according to the rules and practices of this Court;

2. That Plaintiff have a decree establishing the validity of and foreclosing his liens against the F/V INFINITE GLORY, O.N. 981164, her engines, machinery, appurtenances, tackle, apparel and boats, etc., wherever located;

3. That the F/V INFINITE GLORY, O.N. 981164, her engines, machinery, appurtenances, tackle, apparel and boats, etc., wherever located, be arrested, condemned and sold to satisfy said decree;

4. That Plaintiff be awarded damages against Defendants jointly and severally for Defendant Howey's wrongful refusal to pay seaman's wages; for Defendant's breach of contract; for Defendant's violations of Alaska and United States statutes, and prejudgment interest from the dates such payments were due;

5. That Plaintiff be awarded damages against defendant Howey and the Defendant vessel jointly and severally for the wrongful refusal to pay timely all crew-shares when due and to which he is entitled;

VERIFIED COMPLAINT *IN PERSONAM* AND *IN REM*   5   GIBBONS & ASSOCIATES, P.S.
901 Fifth Ave., Suite 4100 Seattle, WA 98164-2001
206/381-3340   Fax 206/381-3341

Case 3:12-cv-00179-TMB-DMS   Document 1   Filed 08/29/12   Page 5 of 7

6. That Plaintiff be awarded punitive damages against defendants, jointly and severally, for their wrongful conduct as alleged herein, including their refusal to pay timely crew-shares to which he is entitled, together with his attorneys fees and costs of suit;

7. For such other and further relief as the Court deems appropriate under the circumstances.

Respectfully submitted this 29th day of August, 2012.

Hedland, Brennan and Heideman
s/ James T. Brennan
1227 W. 9th Avenue, Suite 300
Anchorage, Alaska 99501
Phone: (907) 279-5528
Fax: (907) 278-0877
E-mail: law@hbhc.alaska.net
ABA No. 7610080

Gibbons & Associates
s/ Steven V. Gibbons
901 5th Ave #4100
Seattle, Washington 98161-2001
Phone: (206) 381-3340
Fax: (206) 381-3341
E-mail: svg@gibbonslawgroup.com
WSBA No. 14028
Attorneys for Plaintiff

| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | **VERIFICATION** |

I, Michael Doyle, hereby declare under penalty of perjury under the laws of the State of Alaska that I have read the foregoing Verified Complaint, know the contents thereof and believe the same to be true based upon personal knowledge of the facts recited above and upon the best information available to me, and do so this 30 day of July of my own free will and choice at Cordova AK.

_____
Michael Doyle